No. 92-126

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

CYNTHIA K. BLACK, f/k/a
CYNTHIA K. WEIS,

      Petitioner and Respondent,

  and

GERALD T. WEIS,

      Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Craig W. Holt, Attorney at Law, Billings, Montana

      For Respondent:

      Terry Wallace, Attorney at Law, Missoula, Montana

Submitted on Briefs: July 2, 1992

Decided: September 1, 1992

FILED

SEP 1 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Weis filed a petition to modify the decree of dissolution in his attempt to change the primary residential custody of the parties' three children. After a hearing, the District Court for the Thirteenth Judicial District, Yellowstone County, denied Mr. Weis' petition. Mr. Weis appeals. We affirm.

The sole issue for our review is whether the District Court erred when it refused to let the children testify as to their wishes.

Cynthia (who changed her last name to her maiden name of Black) and Gerald Weis were divorced in Yellowstone County, Montana on June 28, 1989. There were three children of the marriage. The court awarded joint legal custody and ordered that primary residential custody be alternated between the parents annually for five years. The court further ordered that the non-residential parent was entitled to visitation on alternate weekends, Thanksgiving and half of the school Christmas break. Because one daughter, Irena, had asthma, the court ordered the parents not to allow anyone to smoke in her presence or in the house where she was residing or visiting.

On October 7, 1991, Mr. Weis filed a petition for modification of residential custody designating him as the permanent primary custodian. He alleged that when the children were in the primary custodial care of Ms. Black, Irena's health was endangered because of "continual contact with direct and passive smoking". He also alleged that all three children were endangered physically and

2

emotionally by Ms. Black's past and present live-in boyfriends.

In his affidavit in support of his motion, Mr. Weis averred that all three children were sick and in need of medical care when he picked them up from Ms. Black's home on September 23, 1991. He claimed Olivia had tonsillitis and an ear infection requiring medication; Esther had an ear infection requiring medication; and, Irena was suffering from bronchial asthma and an ear infection requiring medication. Mr. Weis claimed that Ms. Black and her boyfriend continued to smoke in Irena's presence, in spite of Irena's asthma. He further claimed that Ms. Black's present boyfriend continually yelled at the children which frightened them and caused undue stress. He maintained that her former boyfriend physically hurt the children. Finally, he maintained that Ms. Black neglected the physical care of the children by not requiring them to bathe.

In response to Mr. Weis' motion, the District Court issued a temporary restraining order and order to show cause prohibiting Ms. Black from having custodial care of the children. The temporary restraining order remained in effect until a full hearing on the petition for modification of custody was held on January 10, 1992.

At the hearing, Ms. Black testified that she does not smoke in the house. She further testified that when Mr. Weis picked up the children on September 23, 1991, that Irena was not having an asthma attack as Mr. Weis had claimed. Rather, she testified that Irena had a cold which she was treating with an over-the-counter medicine. Ms. Black testified that although she had never heard

3

her boyfriend yell at her children, they have told her he is mean. She testified that after talking to the children about it, she felt the problem was really that the children did not want to accept her boyfriend as a disciplinarian figure. She further testified that they were all getting along very well at the time of the hearing.

Near the conclusion of the hearing, Mr. Weis requested that the District Court interview all three children prior to coming to any conclusion, in hope that the children's testimony might confirm or deny their mother's testimony. The District Court denied Mr. Weis' petition to modify residential custody without interviewing the children. Mr. Weis appeals.

The sole issue before us is whether the District Court erred when it refused to let the children testify as to their wishes.

Mr. Weis maintains that in determining the best interests of the child, the District Court is required by § 40-4-212, MCA, to consider the wishes of the children as to their custodian.

Ms. Black maintains that § 40-4-219, MCA, controls in a modification procedure and that the stringent adherence to the factors of § 40-4-212, MCA, is not required. We agree. Custody is not at issue here; modification of primary residential custody is.

Section 40-4-219, MCA, provides:

(1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

. . .

4

(c)   the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him;

(d)   the child is 14 years of age or older and desires the modification;

. . .

The Weis children were all under 14 years of age at the time of the hearing.   Therefore, the District Court was not required to consider their wishes as to custody.   However, although the court did not interview all the children, it did consider their wishes as described in the testimony of Dr. Veraldi.   In explaining its decision to deny modification of primary custody, the District Court stated:

On October 9, 1991, the Court talked with the oldest child, Olivia, and the Court has reviewed Dr. Veraldi's notes attached to her deposition which reflect her interview with all three children.   Mr. Weis has requested that this Court interview the children but the Court finds that to be unwarranted and unnecessary.

. . .

The children express a preference for the father but have a fair relationship with the mother.   The basis of the children's preference seems to be a dislike of mother's boyfriend and the fact that the father is able to take them more places, buy them more things, and the fact that he does not make them work around the house. Some of these reasons are somewhat shallow and immature, as one might expect of young children.

When Mr. Weis got the Court to issue a temporary order last September giving him residential custody, things were just beginning to stabilize in the mother's home and a better relationship between the children and the mother's boyfriend was beginning to develop.   Given that, the children's relationships with others and their expressed preferences are not enough to convince this Court that their best interests would be served by modifying residential custody.

5

Clearly the District Court considered the children's wishes. We hold that the District Court did not err when it refused to let the children testify as to their wishes.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

September 1, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Craig W. Holt
Attorney at Law
490 N. 31st St., Ste. 205
Billings, MT   59101

Terry Wallace
Attorney at Law
P.O. Box 4763
Missoula, MT   59806

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy